IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RODNEY L. DAVIS, THOMAS M. DAVIS, III, EDWIN G. PERLMUTTER, RICK CRAWFORD, MARK KIRK, and all others similarly situated, <br><br>    Plaintiffs, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant. | No. 24-364 C <br> Sr. Judge Eric G. Bruggink |

## PLAINTIFFS' SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS

The Government's Motion to Dismiss asserts that Plaintiffs have not identified a money-mandating source of law, as required to invoke the Court's jurisdiction. *See* Govt. MTD at 7-11. The Government's Reply further asserts that Plaintiffs "do not dispute" that the Twenty-Seventh Amendment "is not money-mandating." *See* Govt. MTD Reply at 1. However, the Twenty-Seventh Amendment is money mandating in a manner very similar to the Compensation Clause of Article III.

As the Government itself notes, the Federal Circuit held in *Hatter v. United States* that the Compensation Clause of Article III is money mandating. Govt. MTD Reply at 3 (citing 953 F.2d 626, 628 (Fed. Cir. 1992)). The Government goes on to incorrectly assert that *Beer v. United States* held that Article III – not the Ethics Reform Act – was the sole money mandating provision of law that provided the Court's jurisdiction in that case. Govt. MTD Reply at 4 (citing 696 F.3d 1174, 1176 (Fed. Cir. 2012)). In fact, the Federal Circuit held that both the Ethics Reform Act and the Compensation Clause were money mandating. *Beer*, 696 F.3d at 1186-87 ("…appellants are entitled to monetary damages for the diminished amounts they would have

1

been paid if Congress had not withheld the salary adjustments *mandated by the [Ethics Reform] Act*.") (emphasis added).

Turning back to Article III, and its relevance to this case, the Government observed: "The Court [in *Hatter*] observed that the Article III Compensation Clause 'fairly interpreted, mandates the payment of money' because it 'states, in mandatory and unconditional terms, that judges' salaries 'shall not be diminished during their Continuance in Office'' and '[t]his language presupposes damages as the remedy for a governmental act violating the compensation clause.'" Govt. MTD Reply at 3.

The Government is correct that the Compensation Clause states in mandatory and unconditional terms that judges' salaries may not be diminished during their active service, and is thus a money mandating provision. So too, the Twenty-Seventh Amendment states in mandatory and unconditional terms that congressional salaries may not be varied *at least* during each particular Congress. Hence, it too is money mandating. The only difference between the two constitutional provisions for these purposes is one of timing: judicial compensation may never diminish, while congressional compensation may not be diminished within a single Congress.  For example, the 117th Congress may not vary its own pay.  That prohibition includes not eliminating cost of living adjustments ("COLAs") mandated under pre-existing law, in this case, § 704 of the Ethics Reform Act.  Thus, statutory COLAs suppressed within the same Congress provide this Court jurisdiction under the money-mandating functions of both the Ethics Reform Act and the Twenty-Seventh Amendment.  *See* AC ¶¶ 16. a, c, g, h, i, k, m, o, q, s & u.

Thus, even if the Ethics Reform Act were not relied upon and violated in this case, the Twenty-Seventh Amendment independently provides its own money-mandating basis for jurisdiction in this case.

For the foregoing reasons, and those stated in our Opposition to Defendant's Motion to Dismiss, the Government's Motion should be denied.

Respectfully submitted

/s/ *Kenneth T. Cuccinelli, II*
By Counsel
Kenneth T. Cuccinelli, II
KTCLaw@Proton.me

Earl "Trey" Mayfield, III
tmayfield@jurisday.com
Juris Day, PLLC
10521 Judicial Dr., #200
Fairfax, Virginia 22030
Voice: (703) 268-5600
Facsimile: (703) 268-5602

*Counsel for Plaintiffs*

Dated: August 14, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2024, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court, is available for viewing and downloading from the ECF system, and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.


/s/ *Kenneth T. Cuccinelli, II*
Kenneth T. Cuccinelli, II