IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RODNEY L. DAVIS, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>THE UNITED STATES,<br><br>　　　　　　　　Defendant. | No. 24-364<br>(Senior Judge Eric G. Bruggink) |

JOINT STATUS REPORT

Pursuant to the Court's Order, the parties have consulted regarding further proceedings in this case and state as follows:

The parties agree that if the Court's order on defendant's motion to dismiss goes up on interlocutory appeal, this case should be stayed pending the resolution of that appeal. *See* 28 U.S.C. § 1292(d)(2) & (3). At this time, defendant is still not authorized to take a position on whether the Court should certify the order for interlocutory appeal. Defendant has started the process that must be completed within the Department of Justice (including ultimately within the Office of the Solicitor General) although a number of pre-existing commitments in other cases have impeded the amount of time undersigned Government counsel has been able to devote to preparing the required memoranda. Defendant, therefore, respectfully requests that the Court hold plaintiffs' request to certify the order for interlocutory appeal in abeyance so that the deliberations required within the Department of Justice can be completed.

If the Court's order on defendant's motion to dismiss does not go up on interlocutory appeal, plaintiffs have said that they intend to file for summary judgment and then seek class certification. Plaintiffs further explain that they seek that sequence because they believe the summary judgment rulings will affect which former members of Congress will qualify as

members of the class and subclasses, if any.  Plaintiffs expect a summary judgement ruling will require, *inter alia*, the Court to determine the Twenty-Seventh Amendment's meaning and application, set out the formula for the application of cost of living adjustments over time, and potentially interpret several different versions of legislative language utilized over time in the reduction of member pay by means of eliminating cost of living adjustments on a year-by-year basis.

Defendant agrees that the next substantive development in this case will likely be dispositive motions (though we take no position at this time on plaintiffs' description of the questions the Court will need to resolve through that dispositive motion), and that resolution of summary judgment may render moot any class certification question.  However, defendant notes that even if the Court's order on our motion to dismiss is not directly appealed, a number of the issues underlying that decision are currently on appeal to the Federal Circuit through *Cummins v. United States*, Case No. 23-308 (Fed. Cl.), No. 24-2166 (Fed. Cir.), including the jurisdictional analysis in *Gentry v. United States*, 546 F.2d 343 (Ct. Cl. 1976), and the preclusion of retirement claims.  As such, we submit that it may be appropriate to stay this case pending the resolution of that appeal.  Plaintiffs oppose a stay in the absence of a direct interlocutory appeal in this case.

|  | Respectfully submitted, |
|---|---|
| s/ Kenneth T. Cuccinelli, II<br>Kenneth T. Cuccinelli, II<br>KTCLaw@Proton.me | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| Earl "Trey" Mayfield, III<br>tmayfield@jurisday.com<br>Juris Day, PLLC<br>10521 Judicial Dr., #200<br>Fairfax, Virginia 22030<br>Voice: (703) 268-5600<br>Facsimile: (703) 268-5602 | PATRICIA M. MCCARTHY<br>Director<br><br>s/ L. Misha Preheim<br>L. MISHA PREHEIM<br>Assistant Director |
| *Counsel for Plaintiffs* | s/ Galina I. Fomenkova<br>GALINA I. FOMENKOVA<br>Senior Trial Counsel<br>United States Department of Justice<br>Civil Division, Commercial Litigation Branch<br>P.O. Box 480 \| Ben Franklin Station<br>Washington, DC 20044<br>(202) 514-5495<br>galina.fomenkova@usdoj.gov |
|  | *Attorneys for the United States* |
| November 18, 2024 |  |

3