IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RODNEY L. DAVIS, *et al.*,<br><br>                  Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES,<br><br>                  Defendant. | No. 24-364<br>(Senior Judge Eric G. Bruggink) |

DEFENDANT'S MOTION TO EXTEND DEADLINE TO FILE REPLY IN SUPPORT OF OUR CROSS-MOTION FOR SUMMARY JUDGMENT AND FOR THE COURT TO ORDER PLAINTIFFS TO COMPLY WITH THE COURT'S RULES ON PAGE LIMITS

      Pursuant to Rules 6(b) and 6.1 of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court extend the deadline to file our reply in support of our cross-motion for summary judgment to February 6, 2026. Based on the current deadline, December 19, 2025, *see* ECF 53, that would constitute an extension of 49 days; however as explained below, plaintiffs' December 5th filing is not compliant with the Court's rules, and, as such, the exact number of days contained within the extension will depend on when plaintiffs' filing is brought into compliance. We have not previously sought an extension of this deadline. Counsel for plaintiffs has stated that they are only willing to consent to a two-week extension, *i.e.* to January 2, 2026. As demonstrated below, a deadline of January 2, 2026, in addition to needlessly ruining holidays and leave plans, is not feasible.

      The extension of time requested is necessary and should be granted for good cause. Defendant requires time to review plaintiffs' response, prepare its reply, and for the mandatory supervisory review, which, as has been true throughout this case, we anticipate will require multiple levels of review at the Department of Justice. As a result of other pre-existing professional obligations and deadlines and previously scheduled leave, discussed below, this

work will need to be performed in January 2026.

The additional time we request is necessary because undersigned counsel had and continues to have numerous obligations that impede her ability to prepare the reply on the default schedule.  In particular, undersigned counsel conducted oral argument in *Hamill v. Collins*, No. 24-1543 (Fed. Cir.), on December 5, 2025; counsel had also prepared for argument scheduled in *Fales v. Collins*, No. 24-1298 (Fed. Cir.) for December 8, 2025, which was cancelled the morning of the argument because opposing counsel had a medical emergency, and has now been re-scheduled for December 12, 2025; and counsel prepared for and conducted argument in *Laborant v. United States*, No. 24-1432 (Fed. Cl.) on December 10, 2025.  In addition to those trial and appellate arguments, undersigned counsel has an opening brief due on January 20, 2026 in *Perkins v. Collins*, No. 25-2003 (Fed. Cir.) and must prepare and file a response brief in *Ripley v. Collins*, No. 25-1885 (Fed. Cir.) due on January 23, 2026.  Undersigned counsel will also be on previously-scheduled leave December 15, 2025–January 9, 2026, including specifically international travel for an important family event December 15–19.[1]

Accordingly, we respectfully request that the Court grant this motion for an extension of time to and including February 6, 2026, in which to file our reply in support of our cross-motion for summary judgment.

In addition, the brief plaintiffs filed on December 5, 2025—their reply in support of their motion for summary judgment and response to our cross-motion—is facially non-compliant with the Court's rules, because at 36 pages it exceeds by 20% the page limit in Rule 5.4(b)(2).

---

[1] In correspondence that preceded the filing of this motion, plaintiffs' counsel has never suggested that he believed undersigned counsel lacked good cause for an extension; rather plaintiffs apparently believe that the reply brief should be re-assigned to different counsel.  That suggestion ignores reality.  In any event, even if this case was re-assigned that would only exacerbate the need for an extension.

Plaintiffs did not seek leave to exceed the page limits in the Court's rules, nor is there any basis to do so.[2] Thus, we respectfully request that the Court also either strike the last six pages of plaintiffs' currently-filed brief, or strike the entire filing and order plaintiffs to file a new brief that complies with the page limits in the Court's rules. If the Court opts to give plaintiffs an opportunity to revise their brief, we further request that the deadline for plaintiffs to do so be set at no later than January 9, 2026, so that our requested date of February 6, 2026 for our reply could remain.[3]

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General

        PATRICIA M. MCCARTHY
        Director

        s/ Albert S. Iarossi
        ALBERT S. IAROSSI
        Assistant Director

        s/ Galina I. Fomenkova
        GALINA I. FOMENKOVA
        Senior Trial Counsel
        United States Department of Justice
        Civil Division, Commercial Litigation Branch
        P.O. Box 480 | Ben Franklin Station
        Washington, DC 20044
        (202) 514-5495
        galina.fomenkova@usdoj.gov

December 11, 2025        *Attorneys for the United States*

---

[2] When conferring with plaintiffs' counsel via e-mail regarding this request for an extension of time to file the Government's reply brief, we identified plaintiffs' rule violation. Plaintiffs' response to our request for their consent on our extension ignored the issue of their non-compliance, but confirmed that they intended to oppose our extension request.

[3] The fact that the Government may therefore need to contend with a revised version of plaintiffs' response brief only further militates in favor of the Government's request for an extension of our reply deadline.