IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RODNEY L. DAVIS, et al )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES, )<br>)<br>    Defendant. ) | No. 24-364 C<br>Sr. Judge Eric G. Bruggink |

**PLAINTIFFS' OBJECTION TO THE
GOVERNMENT'S MOTION FOR DILATORY EXTENSION, & TO GOVERNMENT'S
INTRODUCTION OF ARGUMENTS WAIVED IN ITS OPPOSITION BRIEF**

Plaintiffs object to Defendant Government's Motion for Extension of Time to file its Reply Brief to Plaintiffs' Opposition to the Government's Cross-Motion for Summary Judgment.

Plaintiffs object for two reasons: (1) the Government requests an unduly long extension of time in which to reply; and (2) the Government seeks to raise arguments in its Reply that it waived by not raising them in its Opposition to Plaintiffs' Motion for Summary Judgment.

**I. A Two-Week Extension for the Government to Reply is Sufficient and Fair.**

Plaintiffs do not object to a limited extension of time for the Government to file its Reply Brief. However, the Government's Reply Brief is the shortest in subject matter of the series of four briefs of which it is the final brief, to wit: (1) Pl. Mot for Partial SJ, ECF 44; (2) Def. Opp. & Cross-Motion for SJ, ECF 51; (3) Pl. Reply & Opp., ECF 54; and (4) the Government's Reply – the brief for which it is requesting an extension.

Plaintiffs' Opposition to the Government's Cross-Motion for Summary Judgment is only 14 pages long (approximately 4,500 words; pages 4-17, inclusive), *see* RCFC 5.4 (limiting Opposition Briefs to 40 pages), and that is the only matter to which the Government may

respond. Furthermore, throughout this case, the Government has repeatedly requested more time for virtually every filing. The reason is always the same, namely, that because so many Justice Department lawyers must review the briefs, extra time is needed. The Court's briefing schedules are designed with the Government in mind, as it is the Defendant in every case in this Court. There are many DOJ lawyers who are already sufficiently familiar with this case to perform the very limited function of filing a Reply brief addressing the two subjects that may permissibly be covered: (1) the Twenty-Seventh Amendment's meaning; and (2) whether the occasional votes by individual Plaintiffs in favor of omnibus legislation that also contained COLA-blocking language in annual appropriations bills effectuates a waiver or estoppel of their right to bring this suit. Those are the only issues raised in Plaintiffs' 14-page Opposition to the Government's Cross Motion for Summary Judgment.

An extension of two weeks, giving the Government a total of 28 days to reply is adequate and fair for that purpose.

### **II. The Government's Reply to Plaintiffs' Opposition to Defendant's Cross-Motion for Summary Judgment Must be Limited to Addressing the Issues Raised in Plaintiffs' Opposition.**

As noted in the "Preliminary Issues" section of Plaintiffs' Reply and Opposition, ECF 54 at pp.1-3 (hereafter "Plaintiffs' Reply"), the Government claims the right to respond as a matter of course to the entirety of Plaintiffs' Brief. This is improper. A party's decision to ignore a topic in its Opposition waives its right to oppose the argument. *See Ladd v. United States*, 713 F.3d 648, 655 (Fed. Cir. 2013); *Superior Waste Mgmt. v. United States*, 169 Fed. Cl. 239, 297 (2024) ("A party's failure to raise an argument in an opening or responsive brief constitutes waiver.") (collecting cases). Consistent with that waiver rule, by contrast, Plaintiffs' Reply

2

responded to all the issues raised in the Government's Opposition and Cross-Motion for Summary Judgment.

With respect to the Government's extension request, Plaintiffs request the Court to permit at most two additional weeks for filing its Reply, and to explicitly preclude the Government from addressing issues it should have argued in its Opposition to Plaintiffs' Motion for Summary Judgment.

Respectfully submitted

/s/ Kenneth T. Cuccinelli, II
Kenneth T. Cuccinelli, II
KTCLaw@proton.me
Counsel of Record

Earl "Trey" Mayfield, III
tmayfield@chalmersadams.com
CHALMERS ADAMS BACKER & KAUFMAN, LLC
10521 Judicial Dr., #200
Fairfax, Virginia 22030
Voice: (703) 268-5600
Facsimile: (703) 268-5602
Of Counsel

*Counsel for Plaintiffs*
Dated: December 8, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court, is available for viewing and downloading from the ECF system, and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.


/s/ Kenneth T. Cuccinelli, II
Kenneth T. Cuccinelli, II